UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SEPRISH, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:23-CV-01153<br><br>(MEHALCHICK, J.) |

### ORDER

This action was brought by Plaintiff State Farm Fire and Casualty Company ("State Farm") against six individual defendants, Edward Seprish, Charlene Seprish, Christian Seprish, Joshua Seprish, Alexander Seprish, and Nicholas Seprish, collectively known as the Seprishes. (Doc. 1). The operative amended complaint was filed on October 5, 2023. (Doc. 24). State Farm seeks a declaration from this Court that it does not have a duty to defend or indemnify the Seprishes for claims brought against them in a separate state court action. (Doc. 1, at 25). Before the Court are six motions for default judgment filed by State Farm against each of the Seprishes. (Doc. 40; Doc. 42; Doc. 44; Doc. 46; Doc. 48; Doc. 50). On March 11, 2024, Magistrate Judge Martin C. Carlson filed a report and recommendation ("the Report") recommending State Farm's motions be granted. (Doc. 52). No objections have been filed to the Report. For the following reasons, in accordance with Judge Carlson's recommendation, State Farm's motions for default judgment will be **GRANTED**. (Doc. 40; Doc. 42; Doc. 44; Doc. 46; Doc. 48; Doc. 50).

I. **LEGAL STANDARDS**

    A. DISTRICT COURT REVIEW OF A REPORT AND RECOMMENDATION

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

    B.  DEFAULT JUDGMENT

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) (noting that,

"[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." See *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Even so, a court may "enter a default judgment based solely on the fact that the default occurred" without considering the *Chamberlain* factors if the defendant has been properly served but fails to appear, plead, or defend an action. See *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." *Martin v. Nat'l Check Recovery Servs., LLC*, No. 1:12-cv-01230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." See Wright et al., at § 2688; *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that, "before granting a default judgment, the Court

3

must . . . ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law'" (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." See *E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. See *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

**II.   DISCUSSION**

Since the Report explains the background of this case, this Court will only include here what is necessary for the purposes of this Memorandum. (Doc. 52). At State Farm's request, the Clerk of Court has entered a default against each of the Seprishes. (Doc. 30-Doc. 39). As recognized in the Report, a plaintiff who prevails by default must still demonstrate that they are entitled to the relief they seek. See *DIRECTV Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). Here, State Farm requests a declaratory judgment "that it has no duty to defend or indemnify the Seprishes as a result of pending state court litigation." (Doc. 52, at 3). As the Report correctly outlines, "[u]nder Pennsylvania law an insurer's defense and coverage duties with respect to litigation are triggered by the language of the underlying complaint. *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006)." (Doc. 52, at 3); see *Leithbridge Co. v. Greenwich Ins. Co.*, 464 F. Supp. 3d 734, 739 (E.D. Pa. 2020) ("In determining whether the underlying litigation falls within the scope of the insurer's duties to defend or indemnify, a court must examine only those factual allegations made within the "four corners" of the underlying complaint."). "The duty to defend commences

4

when, comparing the factual allegations of the complaint with the terms of the policy at issue, a complaint alleges facts that potentially bring at least one claim alleged in the action within the coverage of the policy. *Mutual Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999)." (Doc. 52, at 2). When a claimant has an occurrence-based policy, as the Seprishes do here, they must demonstrate that the relevant injury was caused by an "occurrence" or an "accident." (Doc. 24, at 14); *see generally Nationwide Mut. Ins. Co. v. CPB Int'l, Inc.*, 562 F.3d 591, 598 (3d Cir. 2009) ("'The purpose and intent of a general liability insurance policy is to protect the insured from essentially accidental injury to the person or property of another[.]'" (quoting *Pennsylvania Manufacturers' Ass'n Ins. Co. v. L.B. Smith, Inc.*, 2003 PA Super 322, 831 A.2d 1178, 1181 (2003)). "Pennsylvania courts have defined 'accident' as a 'fortuitous, untoward or unexpected happening.'" *State Farm Fire & Cas. Co. v. Czop*, No. CIV.A. 02-1048, 2004 WL 632724, at *5 (E.D. Pa. Feb. 11, 2004) (quoting *McGaw v. Town of Bloomburg*, 257 A.2d 622, 624 (Pa. Super. Ct. 1969)).

Here, the Seprishes' insurance policy, as attached to State Farm's amended complaint, extends coverage only to injury resulting from an occurrence or accident. (Doc. 24, at 144-150). The complaint filed against the Seprishes in state court, also attached to the amended complaint, alleges that the Seprishes intentionally trespassed on their neighbors' land, made threats of bodily harm to their neighbors, and "operated their vehicles at a high rate of speed and in a hazardous manner" on their neighbors' land. (Doc. 24, at 95-137). The state court complaint alleges that this intentional behavior has resulted in harm and injury. (Doc. 24, at 95-137). As the Report thoroughly explains, because the actions underlying the state court complaint involve intentional conduct and not accidental harm the Seprishes are not entitled to defense or indemnification by State Farm. (Doc. 52, at 4). Thus, given the Seprishes'

5

"repeated failures to answer, respond or defend this case," including their failure to file objections to the Report, the Court will **GRANT** State Farm's motions and enter declaratory judgments in favor of State Farm against each of the Seprishes providing that State Farm has no duty or obligation to defend or indemnify the Seprishes under their State Farm policy number 78-GH-Y829-0 in the state court action *Kay v. Regula, et al.*, Docket No. 2019-201908711, pending in the Court of Common Pleas of Luzerne County, Pennsylvania.

### III. CONCLUSION

The Court agrees with the sound reasoning in Judge Carlson's Report and finds no clear error on the face of the record. (Doc. 52). This Court will therefore adopt his report and recommendation in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

(1) The report and recommendation of Judge Carlson (Doc. 52) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court.

(2) State Farm's motions for declaratory judgment are **GRANTED**. (Doc. 40; Doc. 42; Doc. 44; Doc. 46; Doc. 48; Doc. 50).

(3) The Court shall enter declaratory judgments in favor of State Farm providing State Farm has no duty or obligation to defend or indemnify the Seprishes under their State Farm policy number 78-GH-Y829-0 in the state court action *Kay v. Regula, et al.*, Docket No. 2019- 201908711, pending in the Court of Common Pleas of Luzerne County, Pennsylvania.

(4) The Clerk shall mark this matter **CLOSED.**

**DATE: April 30, 2024**   **BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**